IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL CASE NO. 1:12cv293

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | DEFAULT JUDGMENT OF FORFEITURE |
| $9,960.00 in UNITED STATES CURRENCY, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Default Judgment, Entry of Judgment, and Final Order of Forfeiture [Doc. 13].

**PROCEDURAL AND FACTUAL HISTORY**

The Plaintiff initiated this action for civil *in rem* forfeiture on September 20, 2012. [Doc. 1]. In the Verified Complaint for Forfeiture *In Rem*, it is alleged that on March 30, 2012, Brandon Lee Pressley (Pressley) was the titled owner of real property located at 59 Tracy Lane, Waynesville, North Carolina where he lived with Jennifer Lee Secore (Secore). [Id. at 2]. On that same date, the District Court of Haywood County entered a Domestic Violence Order of Protection (Order of Protection) in favor of Secore and against Pressley. [Id. at 2-3]. The Order of Protection

contained a provision requiring Pressley to surrender any firearms and ammunition which he had at the residence. [Id.]. In addition to the issuance of the Order of Protection, a warrant was issued for Pressley's arrest due to threats of physical injury. [Id.].

In the early evening of March 30, 2012, officers executed a search of the residence at Tracy Lane based on Secore's consent. [Id.]. Inside the residence, officers found and seized in excess of one hundred firearms, including an AK 47 rifle with a loaded magazine and a .12 gauge shotgun in the bedroom shared by Secore and Pressley. [Id. at 3]. The officers also found in that same bedroom $9,960.00 in United States currency in bills of various denominations as well as seventeen tablets of morphine, thirty-five tablets of methadone, and eighty-four oxycodone pills. [Id. at 4]. The drugs found by the officers are controlled substances. At the time of the search and seizure, Pressley was unemployed and had been unemployed for two years. [Id.].

On November 2, 2012, Pressley filed a Claim to the currency in this Court. [Doc. 6]. On November 14, 2012, Pressley filed an Answer to the Complaint. [Doc. 7].

On October 1, 2012, the Government sent personal notice by certified

mail, return receipt requested pursuant to Rule G(4)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions to Secore that the currency had been seized, notifying her of this forfeiture action and of her right to submit a verified claim. [Doc. 11]. The notice was returned with a forwarding address. [Id.].

On November 21, 2012, the Government sent the notice by certified mail, return receipt requested a second time to Secore at the forwarding address. [Id.]. That notice was returned as "UNC." [Id.].

In addition to the mailings of notice, the Government also provided notice by publication on the official internet government forfeiture site, www.forfeiture.gov, for at least thirty consecutive days pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. [Id.; Doc. 8].

On November 29, 2012, Pressley withdraw his Claim. [Doc. 9]. On December 3, 2012, Pressley withdrew his Answer. [Doc. 10]. He is therefore now in default.

Secore did not file a claim and answer and no person or entity has done so. On January 14, 2013, the Government moved for entry of default and on January 23, 2013, the Clerk of Court entered default. [Doc. 11; Doc.

3

12]. On February 12, 2013, the Government filed the pending motion for a default judgment of forfeiture. [Doc. 13].

## DISCUSSION

The Government seeks forfeiture of the currency found in Pressley's residence based on the presence of the controlled substances in the same room where the currency was found. In addition to the personal notices, the Government provided publication of notice on the official internet government forfeiture site, [www.forfeiture.gov,](www.forfeiture.gov,) for at least thirty consecutive days pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. <u>Whiting v. United States</u>, 231 F.3d 70, 76 (1st Cir. 2000) ("Due process requires the government to afford an owner 'notice and an opportunity to be heard' before civilly forfeiting his property, but actual *receipt* of notice by the defendant is not automatically required. Rather, ... due process requires the provision of 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'") (internal quotation and citations omitted). There is no claim or answer which refutes the Government's request for forfeiture.

4

The Court finds that the allegations of the Complaint and the supplemental filings establish that the currency at issue was the proceeds of and/or intended to be furnished in exchange for controlled substances and/or used or intended to be used to facilitate controlled substances violations. 21 U.S.C. §881(a). The Court also finds that the Government has established that no potential claimant has timely filed a claim or otherwise answered and default judgment is therefore appropriate.

## JUDGMENT

**IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED** that the Plaintiff's Motion for Default Judgment, Entry of Judgment, and Final Order of Forfeiture [Doc. 13] is hereby **GRANTED** and Default Judgment against the Defendant $9,960.00 in United States Currency is hereby **ENTERED** in favor of the United States of America.

Signed: February 13, 2013

Martin Reidinger
United States District Judge

5

Case 1:12-cv-00293-MR-DLH   Document 14   Filed 02/13/13   Page 5 of 5